UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LONNIE DANIELS,

        Plaintiff,                        Civil No. 06-1064-HA

        v.                               ORDER

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

HAGGERTY, Chief Judge:

Plaintiff filed this action on July 26, 2006, seeking judicial review of decisions of the Commissioner of the Social Security Administration (the Commissioner) denying his application for disability insurance benefits (DIB). Presently before the court is the Commissioner's Rule Motion to Dismiss plaintiff's Complaint as untimely under the sixty-day filing period in Section 205(g) of the Social Security Act (hereinafter, the Act), 42 U.S.C. § 405(g).

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he is substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 -- ORDER

Section 405(g) provides that a claimant may obtain judicial review of any final decision of the Commissioner of Social Security by filing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This sixty-day time limit is not jurisdictional, but is instead a statute of limitations that the Commissioner may waive. *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991) (citations omitted).

Here, the ALJ issued a decision denying plaintiff's application for DIB on March 27, 2006. Plaintiff filed no exceptions, and the ALJ's decision became the Commissioner's final decision after the Appeals Council declined to assert jurisdiction. *See* 20 C.F.R. § 404.984(c)-(d) (providing that ALJ decision becomes final decision of Commissioner if no exceptions are filed and Appeals Council does not assume jurisdiction within sixty days of ALJ decision). The Notice of Decision issued to plaintiff provided that the ALJ's decision would become the final decision of the Commissioner "on the 61st day after the date of this notice. You will then have, during a 60-day period beginning with the day my decision becomes final, the right to file a new civil action to have the Federal district court review that decision." Tr. of Admin. R. at 330.

The court rejects plaintiff's argument that his filing was timely. Plaintiff concedes that the ALJ's decision became the final decision of the Commissioner on May 27, 2006, sixty-one days after the ALJ decision was issued on March 27, 2006. Accordingly, plaintiff had until July 25, 2006 (*i.e.*, sixty days, beginning with the day the ALJ's decision became the Commissioner's final decision) to file a Complaint seeking judicial review. Plaintiff did not file his Complaint until July 26, 2006, making this action untimely by one day.

2 -- ORDER

Plaintiff argues in the alternative that the statute of limitations should be tolled in accordance with traditional equitable tolling principles. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1985) (treating the sixty-day limitation as a statute of limitations subject to equitable tolling principles); *Banta*, 925 F.2d at 346 (same). Tolling is to be used only in rare cases where the equities in favor of tolling are compelling. *Banta*, 925 F.2d at 345-46 (finding tolling was inappropriate when claimant pointed to no equities in favor of tolling); *see also Bowen*, 476 U.S. at 480-81 (allowing equitable relief "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate").

In determining whether tolling is appropriate, the court considers: (1) what circumstances kept the claimant from making the request on time; (2) whether the Commissioner's action misled the claimant; (3) whether the claimant did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) whether the claimant had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented filing a timely request or understanding or knowing about the need to file a timely request for review. 20 CFR § 404.911(a) (listing considerations for determining whether good cause exists for missing a deadline).

Plaintiff asserts that "the ALJ's notice of appeal rights misled the Plaintiff's counsel to believe it was appropriate to file on the day he did." Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss (hereinafter, Pl.'s Mem.) at 1. A statute of limitations list generated by plaintiff's counsel shows that plaintiff's counsel incorrectly marked plaintiff's filing deadline as July 26, 2006. Pl.'s Mem., Ex. 1. Plaintiff argues that his attorney's calculation of the statute of limitation was reasonable in light of the misleading nature of the Notice of Decision and Federal

3 -- ORDER

Rule of Civil Procedure 6(a), which provides that when computing a period of time, "the day of the act, event, or default from which the designated period of time begins to run shall not be included."

The court agrees that some could find the language of the Notice of Decision misleading, and concludes that tolling is appropriate under these special circumstances. There is no evidence of bad faith on the part of plaintiff or plaintiff's counsel, and a one-day delay in filing dates will not prejudice the Commissioner beyond requiring it to defend this action, as the Act would otherwise require. By contrast, dismissal would impose a significant burden on plaintiff by precluding judicial review of a decision denying him disability benefits to which he may be entitled. Accordingly, defendant's Motion to Dismiss is denied, and plaintiff may proceed with his action.

However, plaintiff is advised that failure to meet further deadlines will compel the court to dismiss this action with prejudice.

**CONCLUSION**

Based on the foregoing, the statute of limitations for filing this action is equitably tolled, and defendant's Motion to Dismiss [10] is DENIED. Plaintiff is advised that failure to meet further deadlines will compel the court to dismiss this action with prejudice.

IT IS SO ORDERED.

DATED this __2__ day of April, 2007.

                                                /s/  ANCER L. HAGGERTY
                                                ANCER L. HAGGERTY

                United States District Judge

5 -- ORDER